**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHESTER CARR II, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:13cv497 |
| | § | Judge Clark/Judge Mazzant |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 20, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim [Doc. #11] be granted [Doc. #14]. Although Plaintiff did not file a response to the motion to dismiss, he did file objections on January 3, 2014 [Doc. #16]. On January 14, 2014, Defendant filed a response to Plaintiff's objections [Doc. #19].

Plaintiff filed suit in state court seeking to challenge the foreclosure of the property located at 1163 Sophia St., Allen, Texas 75013 (the "Property"). Defendant removed this case to this court. The Magistrate Judge entered its order and advisory, giving Plaintiff an opportunity to file an amended complaint. Plaintiff filed an amended pleading. On November 15, 2013, Defendant filed a motion to dismiss. Plaintiff failed to file a response to the motion. The

1

Magistrate Judge then issued a report and recommendation that the motion should be granted. The decision was based on Plaintiff's failure to file a response as required by the court's local rules. The decision was also based upon a review of the motion and the amended complaint and a finding that none of the claims asserted were plausible.

The court agrees with the Magistrate Judge that Plaintiff does not adequately plead a single cause of action. The amended complaint consists of an incoherent commentary on Defendant's general practices within the mortgage industry, without alleging specific facts related to Plaintiff's loan, though it alleges claims for violations of the Texas Debt Collection Act, Texas Business and Commerce Code, Texas Property Code, Federal Trade Commission Act, Fair Debt Collection Practices Act, and seeks declaratory and injunctive relief. In the motion to dismiss, Defendant requested that the court take judicial notice of three documents, that are both readily available in the real property records and central to all of Plaintiff's claims: the Deed of Trust, the Assignment, and the Substitute Trustee's Deed. The court grants this request because these documents form the basis of the relationship between the parties and are central to Plaintiff's claims, which appear to arise out of a standing challenge to Defendant's right to foreclose.

Plaintiff's only factual allegation against Defendant arises out of a challenge to Defendant's standing to foreclose. The claim is based on Plaintiff's allegation that there is no assignment of the Deed of Trust in the real property records and on the rejected "show me the note" argument. The court agrees with Defendant that all claims are disproved by the Deed of Trust and Assignment.

Plaintiff points to no provision of the Texas Property Code that requires a mortgagee or mortgage servicer to produce the original Note or Deed of Trust before conducting a non-judicial

foreclosure. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Allen v. Chase Home Fin., LLC*, No. 4:11–CV–223, 2011 WL 2683192, at *3 (E.D. Tex. June 10, 2011).

Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *See Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011); *Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-GBD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011); *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N, slip op. at 4 n.1 (N.D. Tex. Apr. 16, 2010), appeal dismissed, No. 11-10069 (5th Cir. Apr. 21, 2011); *Sawyer,* 2010 WL 996768, at *3; *Athey v. Mortgage Electronic Registration Systems*, 314 S.W.3d 161, 165-66 (Tex. App.–Eastland 2010, pet. denied); Tex. Prop. Code § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note).

To the extent Plaintiff is attempting to assert any claims based upon his belief that Defendant does not have standing to foreclose because it must purportedly produce the Note in order to do so, such claims fail as a matter of law and should be dismissed with prejudice.

As to Plaintiff's other claims, he alleges only in a conclusory fashion that Defendant violated the Texas Debt Collection Act, Texas Business and Commerce Code, Texas Property Code, Federal Trade Commission Act and Fair Debt Collection Practices Act. The only allegation in support of these claims is a commentary regarding alleged deficiencies pertaining to Defendant's servicing of mortgages in general and how unidentified consumers have allegedly

been injured by Defendant's conduct purportedly in violation of these statutes. Plaintiff does not allege any facts showing that Defendant violated these statutes with respect to his mortgage loan, and these claims are not plausible as alleged by Plaintiff.

Plaintiff also seeks a declaratory judgment that Defendant must produce the original Note and that an attempt to foreclose is an action to collect a debt, but Plaintiff provides no facts indicating that a justiciable controversy exists between the parties. Plaintiff is not entitled to the relief requested because there is no justiciable controversy as to the rights and status of the parties, and the "show me the note" theory has been rejected under Texas law. Plaintiff also fails to allege a plausible claim that would allow injunctive relief.

Plaintiff's objection, like his amended complaint, is simply an incoherent commentary on Defendant's general practices in the mortgage industry. Plaintiff has not filed anything with the court that explains why any of his asserted claims would be plausible.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #16] and the response [Doc. #19], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim [Doc. #11] is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

All relief not previously granted is **DENIED.**

The Clerk is directed to **CLOSE** this civil action.
So **ORDERED** and **SIGNED** this **18** day of **February, 2014.**

_____
Ron Clark, United States District Judge

4